UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NILO TUAZON and MARITA TUAZON,

Plaintiff(s),

v.

HSBC MORTGAGE SERVICES, INC.,

Defendant(s).

NO. C06-59MJP

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The above-entitled Court, having received and reviewed:

1.   HSBC Mortgage Services Inc. Motion for Summary Judgment (Dkt. No. 19)

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS ORDERED that the motion is GRANTED; Plaintiffs' claims are DISMISSED with prejudice.

IT IS FURTHER ORDERED, pursuant to 15 U.S.C. §§ 1681n(c) and 1682o(b), that Defendant is awarded attorney fees and costs incurred in defending this litigation.

**Background**

Plaintiffs filed no response to this motion for summary judgment. "[S]uch failure may be considered by the court as an admission that the motion has merit."  LR 7(b)(2).  Nevertheless, the Court will enter a brief recitation of the facts and the Court's findings in favor of Defendant.

The following facts are from Defendant's uncontroverted motion and the Affidavit of Dana St. Clair Houghman, unless otherwise noted:

In November 2004, Plaintiffs entered into two loan agreements with Accredited Home Lenders in connection with the purchase of real property.  In January 2005, Defendant HSBC Mortgage Services, Inc. ("HSBC") purchased Plaintiffs' loans and servicing rights from Accredited.  HSBC

**ORD ON MTN
FOR SUMM JMT - 1**

contacted Plaintiffs to advise them of the transfer and began servicing the first of their two loans on January 28, 2005. Plaintiffs tendered a timely January payment to Accredited, then failed to make timely payments in February, March and April.

From the recitation of facts in their complaint, it appears that Plaintiffs' complaint centers on an allegation that Defendant reported the untimely February payment to several credit reporting agencies. Complaint, ¶ 2.4[1]. Under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., HSBC is prohibited from reporting late payment information on a loan for a period of sixty days from the effective date of loan transfer. Id. at § 2605(d).

In fact, HSBC denies ever reporting the February 2005 payment as late. The company did report delinquent March and April 2005 payments to the credit reporting agencies, but those are nowhere mentioned in Plaintiffs' complaint and the Court must assume that the March and April 2005 late payment reports do not form the basis for Plaintiffs' request for relief. As Plaintiffs filed no response to this motion, the Court is left with Defendant's unchallenged assertion that they did not do what Plaintiffs allege they did.

**Discussion**

Summary Judgment

Plaintiffs' complaint alleges failure by HSBC to comply with the requirements of the Federal Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Specifically, they allege violation of § 1681e(b), which requires a consumer reporting agency to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." There are several problems with Plaintiffs' attempt to enforce the FCRA in this fashion.

---

[1] Although Plaintiffs' complaint sets forth two separate "claims for relief," it is difficult to determine what, if anything, differentiates the two causes of action. Both are identically worded in vague and generic terms which do nothing to apprise the reader of the allegations underlying the claims. Complaint, §§ III and IV.

**ORD ON MTN**
**FOR SUMM JMT - 2**

First of all, it appears that the section of the FCRA under which Plaintiffs are prosecuting their lawsuit is intended to apply to the agencies to whom HSBC furnished their information (agencies such as Equifax, Experian and TransUnion), not to the furnishers of the information themselves (i.e., "[w]henever a *consumer reporting agency* prepares a consumer report..."; emphasis supplied).

Secondly, there is no private cause of action to enforce the subsection (15 U.S.C. §§ 1681s-2(a)91) and (2)) requiring furnishers of credit information (such as HSBC) to report that information accurately. The FCRA restricts enforcement of this subsection to government agencies. 15 U.S.C. § 1681s-2(d); <u>Nelson v. Chase Manhattan Mortgage Corp.</u>, 282 F.3d 1057, 1059 (9th Cir. 2002).

Third, a consumer who disputes furnished credit information is required to follow a procedure set out in the FCRA which begins with notifying the credit reporting agency directly of the dispute. 15 U.S.C. § 1681i. If Plaintiffs wish to allege a FCRA violation regarding the inaccurate reporting of a late payment, they are obligated to first prove that they disputed the information directly with the credit bureau. Plaintiffs have failed to do this.

Finally, Plaintiffs have failed to present any proof that HSBC did what they are accusing them of doing; namely, reported a late February 2005 payment to the credit reporting agencies. There is simply no factual or legal basis to permit Plaintiffs to proceed forward with their lawsuit.

<u>Fees and Costs</u>

The FCRA provides:

> Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion or other paper.

15 U.S.C. §§ 1681n(c) and 1681o(b).

Based on Plaintiffs' failure to respond to Defendant's summary judgment motion and the strength of the evidence and legal argument pointing to the conclusion that this lawsuit has no basis in fact or law, the Court finds that this litigation was filed in bad faith and/or for the purposes of

**ORD ON MTN**
**FOR SUMM JMT - 3**

1  harassment.  Based on that finding, Defendant is awarded attorney fees and costs reasonably

2  associated with responding to this lawsuit, up to and including the filing of its motion for summary

3  judgment.

## Conclusion

5  Plaintiffs' failure to respond to this summary judgment motion permits the inference that they

6  concede that it is meritorious.  The Court's review of the facts and the law leaves no doubt that

7  Defendant is entitled summary judgment dismissing all Plaintiffs' claims with prejudice.  Based on the

8  Court's finding that this litigation was brought in bad faith and for the purposes of harassment,

9  Defendant is also awarded reasonable attorney's fees and costs.

11  The clerk is directed to provide copies of this order to all counsel of record.

12  Dated: July __2__, 2007

*[signature]*

Marsha J. Pechman
U.S. District Judge

**ORD ON MTN**
**FOR SUMM JMT - 4**